UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| Michael L. Jones, | ) | |
| Shanise Slamin, & Traci Dorrell, | ) | |
| | ) | |
| Individually and on behalf of a class, | ) | Case No. 11-cv-2472 JTM/KGG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT – CLASS ACTION** |
| DICKINSON THEATRES, INC., | ) | |
| and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

1.     Plaintiffs Michael L. Jones, Shanise Slamin, and Traci Dorrell ("Plaintiffs"),
individually and on behalf of a class defined herein, bring this action against Dickinson Theatres,
Inc. ("Defendant") to secure redress for a violation of the Fair and Accurate Credit Transactions
Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.     The operative provision of FACTA, codified at 15 U.S.C. §1681c(g), provides
that:

> No person that accepts credit cards or debit cards for the transaction of
> business shall print more than the last 5 digits of the card number or the
> expiration date upon any receipt provided to the cardholder at the point of
> sale or transaction.

3.     Section 1681c(g) is "not ambiguous."  It "expressly prohibits printing more than
the last five digits of the credit/debit card numbers and also prohibits printing the card's
expiration date." Pirian v. In-N-Out Burgers, 06-1251, 2007 WL 1040864, *3 (C.D. Cal. Apr. 5,
2007); accord, Iosello v. Leiblys, Inc., 502 F. Supp. 2d 782 (N.D. Ill. 2007); Follman v.
Hospitality Plus of Carpentersville, Inc., 532 F. Supp. 2d 960 (N.D. Ill. 2007); Follman v.

Village Squire, Inc., 542 F. Supp. 2d 816 (N.D. Ill. 2007); Korman v. Walking Co., 503 F. Supp. 2d 755 (E.D. Pa. 2007); Ramirez v. MGM Mirage, Inc., 524 F. Supp. 2d 1226 (D. Nev. 2007); *see also In re The TJX COMPANIES, INC.*, MDL No. 1853., No. 07-md-1853-KHV, 2008 WL 2020375, at *1 (D. Kan. May 9, 2008) (citing 15 U.S.C. § 1681c(g)(1)) ("FACTA prohibits retailers who accept credit or debit cards from 'print[ing] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.'").

4.   The purpose of this "truncation requirement" is to prevent identity theft.   The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

5.   One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions.   Identity thieves who do this are known as "carders" and "dumpster divers."   This modus operandi is more common than the use of sophisticated electronic means to obtain the information.   Robin Sidel, "Identity Theft – Unplugged Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

6.   The expiration date generally is necessary for misuse of the card number.

7.   Merchants generally will not honor a credit card in a card-not-present transaction (telephone, internet or fax) without both the correct expiration date and the card number. Thieves prefer to engage in such transactions to commit credit card fraud, so as to reduce the chances of apprehension.

8.   To curb this means of identity theft, Congress prohibited merchants, such as Dickinson Theatres, Inc., who accept credit cards and debit cards from issuing electronically-

generated receipts that display either the expiration date or more than the last five digits of the card number.

9.      Congress gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

10.     On June 3, 2008, Congress retroactively removed liability for willful expiration date violations through that date.  This amendment was widely publicized and sponsored by the Chamber of Commerce and other retailer organizations.

11.     Despite years of publication, notice and compliance by other merchants, Defendant has willfully violated FACTA and failed to protect Plaintiffs and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement.

12.     Plaintiffs bring this action against Defendant based on its violations of 15 U.S.C. §§ 1681 *et seq.* and seeks statutory damages, attorneys' fees, costs, and such other relief as the Court deems proper, including punitive damages.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p ("FCRA").

14.     Venue is proper because Defendant's principal place of business is located in this District.

## PARTIES

15.     Plaintiff Michael L. Jones is a resident of Overland Park, Kansas.

16.     Plaintiff Shanise Slamin is a resident of Overland Park, Kansas.

17.     Plaintiff Traci Dorrell is a resident of Kansas City, Missouri.

3

18.     Defendant is a Kansas for profit corporation with its principal place of business in Kansas.  Defendant's registered agent is National Registered Agents, Inc., 2101 SW 21st St., Topeka, Kansas 66604.

19.     Defendant owns and operates movie theatres in Kansas, Missouri, Nebraska, Oklahoma, Arkansas, Texas, and Arizona.

20.     Defendant operates its locations under the names Flinthills 8 Theatre, Great Mall 16 Theatre, Mall 8 Hutchinson Theatre, Northrock 14 Theatre, Palazzo 16 Theatre, Westglen 18 Theatre, and Westside 4 Theatre in Kansas; Belton 8 Theatre, Blue Springs 8 Theatre, Eastglen 16 Theatre, and Northglen 14 Theatre in Missouri; Imperial 3 Theatre in Nebraska; Arrowhead Mall 10 Theatre, Penn Square 10 Theatre, Starworld 20 Theatre, and West End Point Theatre in Oklahoma; Chenal 9 IMAX Theatre in Arkansas; Central Mall 10 Theatre in Texas; and Gateway 12 IMAX Theatre in Arizona.

21.     Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

### FACTS

22.     FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

23.     15 U.S.C. §1681c(g)(1), provides that:

> ...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

24.     The publication of expiration dates on customer receipts disseminated at the point of sale, in addition to the last four or five digits of the customer account number, exponentially

increases the possibility of identity theft, which is the obvious reason that the credit card companies and Congress require the truncation of expiration dates. The expiration dates are used to confirm that a person making a purchase over the phone or on the internet actually has the card in their possession.

25.    A would be identity thief who steals a receipt containing the last four or five digits of a credit card account number and an expiration date can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder.  The more information that is disclosed on the receipt, the easier it is to pilfer additional confidential financial information.

26.    With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1).

27.    With respect to point of sale machines that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 1, 2006.

28.    In May 2007, the Federal Trade Commission issued a business alert informing businesses that they, "must delete the [credit and debit] card's expiration date."  FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information in Receipts.

29.    On June 3, 2008, President George W. Bush signed The Credit and Debit Card Receipt Clarification Act (Clarification Act), which amended the Fair and Accurate Credit Transactions Act (FACTA).  The Clarification Act provides that "any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise

5

Case 2:11-cv-02472-JTM-KGG   Document 1   Filed 08/18/11   Page 6 of 11

complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt."

30.     Defendant accepts Visa, MasterCard, and Discover credit and debit cards and American Express credit cards in the course of transacting business with persons who make purchases at Defendant's theatres.

31.     Visa, MasterCard, American Express, and Discover by contract require Defendant to be FACTA compliant.

32.     Visa has explicitly instructed merchants, including Defendant, that the debit or credit card expiration date must be truncated.

33.     MasterCard has explicitly instructed merchants, including Defendant, that it must omit the card expiration date.

34.     American Express explicitly instructed merchants, including Defendant, that under FACTA its customer receipts must not print the expiration date.

35.     Discover has explicitly instructed merchants, including Defendant, that under FACTA its customer receipts must not print the expiration date.

36.     In transacting its business, Defendant uses one or more cash registers and/or other machines or devices that electronically print receipts for credit card and debit card transactions.

37.     Plaintiffs have bank issued credit and/or debit cards as defined under 15 U.S.C. § 1681a.

38.     On more than one occasion during the month of August, 2011, Plaintiffs used their credit and/or debit cards to make purchases at Defendant's theatres located in Shawnee, Kansas, Overland Park, Kansas and Kansas City, Missouri.

39.   At the time of their purchases, Plaintiffs were given computer-generated cash register receipts displaying the expiration date of their credit and/or debit cards along with the last four digits of their card accounts.

40.   Each receipt provided to Plaintiffs was labeled "customer copy" or something similar.

41.   Banks and credit card associations (i.e. Visa, MasterCard, American Express, Discover, etc.) are keenly aware of the importance of truncating expiration dates.

42.   At the time of the FACTA violations identified in this Complaint and before, Dickinson Theatres, Inc. knew of its obligations under FACTA and the importance of the truncation requirements.

43.   Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement.  Defendant could readily have done the same, but failed to comply.

44.   The cost of truncating credit and/or expiration dates and account numbers is minimal particularly when compared with the risk posed to consumers such as Defendant's customers.

45.   Despite knowledge of FACTA's requirements, contractual requirements from credit card issuers that Defendant must be FACTA compliant, and notifications from credit card issuers and the federal government, Defendant continues to willfully disregard FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA after June 3, 2008.

7

## VIOLATION ALLEGED

46.   Defendant violated 15 U.S.C. § 1681c(g)(1), which provides that:

…no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number **or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction**.

15 U.S.C. § 1681c(g)(1) (emphasis added).

47.   The FCRA, 15 U.S.C. § 1681n, provides:

§ 1681n.   Civil   Liability   for   willful   noncompliance (a) In general.   Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 *et seq.*] with respect to any consumer is liable to that consumer in an amount equal to the sum of - (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; ***

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court…

48.   Defendant knew of and ignored its legal duty to truncate the expiration date from debit card and credit card purchases that it accepted from Plaintiffs and the class members at the point of sale or alternatively, Defendant failed to inquire at all about its duty to truncate as required by the statute.

49.   Defendant received information on multiple occasions regarding the truncation requirements and its importance for prevention of identity theft.

50.   Notwithstanding all of the publicity and the Defendant's knowledge of the statute's requirements, it willfully failed to comply with FACTA thereby putting all of its moviegoers' financial identities at risk.

51.   The FCRA, 15 U.S.C. § 1681p, provides:

§ 1681p. Jurisdiction of courts; limitation of actions

8

An action to enforce any liability created under this title [15 U.S.C. §1681 *et seq.*] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of –

(1) 2 years after the date of discovery by plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

## CLASS ALLEGATIONS OF THE VIOLATION ALLEGED

52.     Plaintiffs bring this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

53.     The class is defined as all persons who used either a Visa, MasterCard, or Discover debit or credit card, or American Express credit card at any of Defendant's theaters where Defendant provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card for a time period beginning June 4, 2008 until the date of the filing of this lawsuit.

54.     The class is so numerous that joinder of all individual members in one action would be impracticable.

55.     There are well over 100 persons who used either a Visa, MasterCard, or Discover debit or credit card, or American Express credit card at Defendant's business locations where Defendant provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card for a time period beginning June 4, 2008 until the date of the filing of this lawsuit.

56.     Plaintiffs' claims are typical of the claims of the class members.  All are based on the same legal theories and arise from the same unlawful and willful conduct.

9

57.     There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

      a.   Whether Defendant had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement;

      b.   Whether Defendant thereby violated FACTA; and

      c.   Whether Defendant's conduct was willful.

58.     Plaintiffs will fairly and adequately represent the class members.

59.     Plaintiffs have no interests that conflict with the interests of the class members.

60.     Plaintiffs have retained experienced counsel in consumer class action matters.

61.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members.   Individual actions are not economically feasible.

WHEREFORE, Plaintiffs requests this Honorable Court to: 1) certify the class as described herein; and 2) enter judgment in favor of Plaintiffs and the class members and against Defendant for:

      a.   Statutory damages of no less than $100 nor more than $1,000 per violation;

      b.   Attorney's fees and costs; and

      c.   For such other and further relief as the Court may deem proper including pre- and post-judgment interest and punitive damages.

## JURY TRIAL DEMAND

Plaintiffs demands a jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby designate Kansas City, Kansas as the place of trial.

DATED this 18th day of August, 2011.

RESPECTFULLY SUBMITTED,

SPENCER FANE BRITT & BROWNE LLP

/s/  Brian J. Christensen
Brian J. Christensen    KS #16528
Bryant T. Lamer        KS #22722
Lindsay Todd Perkins KS#23528
9401 Indian Creek Parkway, Suite 700
Overland Park, Kansas 66210
Telephone:          (913) 327-5106
Facsimile:          (913) 345-0736
bchristensen@spencerfane.com
blamer@spencerfane.com
ltoddperkins@spencerfane.com

**ATTORNEYS FOR PLAINTIFFS**