UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL L. JONES, <br> SHANISE SLAMIN, & TRACI DORRELL, <br> Individually and on behalf of a class, <br><br> Plaintiffs, <br><br> v. <br><br> DICKINSON THEATRES, INC., <br> and DOES 1-10, <br><br> Defendants. | Case No. 2:11-cv-02472-JTM-KGG |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

This Court, having considered the Plaintiffs' Motion for Final Approval (the "Motion") of the settlement ("Settlement") with Dickinson Theatres, Inc. (the "Defendant"), having held a fairness hearing on August 15, 2012, and having considered all of the submissions and arguments with respect to the Motion, the Court finds that:

1.  This Action was previously certified by the Court for purposes of settlement only as a class action against the Defendant on behalf of all persons in the United States who used a Visa or MasterCard, or Discover debit or credit card or American Express credit card at any of the Defendant's currently owned theatres where the person was provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card during the period beginning June 4, 2008 to February 23, 2012.

2.  No individuals have requested exclusion from the Class.

3.  Notice to the Class has been provided in accordance with the Court's Preliminary Approval Order, and such notice by posting and publication has been given in an adequate and

sufficient manner; constituted the best notice practicable under the circumstances; and satisfied all requirements of Rule 23(e) and due process.

4. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representatives.

5. The Action presents issues as to liability and damages as to which there are substantial grounds for differences of opinion.

6. The Court finds that the settlement as set forth in the Settlement Agreement and Settlement Addendum is fair, reasonable and adequate in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

7. The payment of coupons and/or cash as provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties, as those terms are defined below.  The Court finds that the consideration to be paid to Class Members, consisting of coupons and/or cash payments, is reasonable considering the facts and circumstances of the transactions at issue, the type of claim and affirmative defenses asserted in the Action and other FACTA litigation over several years, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

8. The Parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, or proceeding relating in any way to any dispute arising out of, the Settlement Agreement and Settlement Addendum.

9. It is the best interests of the Parties and the Class Members and consistent with principles of judicial economy that any dispute between any Class Member (including any dispute as to whether any person is a Class Member) and any Released Party which in any way

relates to the applicability or scope of the Settlement Agreement, Settlement Addendum, or this Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The Settlement Agreement and Settlement Addendum submitted by the Parties is finally approved as fair, reasonable and adequate and in the best interests of the Class and the Parties are directed to consummate the Settlement Agreement and Settlement Addendum in accordance with its terms. The Parties and each person within the definition of the Class are hereby bound by the terms and conditions of the Settlement Agreement.

2. The Action is hereby dismissed, with prejudice and without costs. This Judgment has been entered without any admission by the Defendant as to the merits of any of the allegations in the Class Action Complaint; however, Defendant is hereby ordered to comply with the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), at all its currently owned locations.

3. For purposes of this Final Judgment and Order of Dismissal:

(a) "Released Claims" includes any claims, rights, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, liens, contracts, liabilities, agreements, costs, expenses of any nature by the Settling Plaintiffs and Class Members against the Released Parties arising out of, or in connection with, or in any way related to claims they may have under FACTA, other than claims related to alleged identity theft.

(b) "Released Parties" means, collectively, Dickinson Theatres, Inc. and (a) any and all of its respective past, present and future parent companies, subsidiaries, divisions, affiliates, theatres, franchisees, predecessors, successors, and assigns; (b) the

respective present and former general partners, limited partners, principals, members, directors, and their attorneys, officers, employees, stockholders, owners, agents, subrogees, independent contractors, insurers, reinsurers, attorneys, the representatives, heirs, executors, personal representatives, administrators, trustees, transferees and assigns of any of them; and (c) all persons or entities acting on behalf or at the direction of any of the foregoing.

4. The Released Claims are hereby finally compromised, settled, released, discharged and dismissed with prejudice against the Released Parties by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

5. The Action is dismissed with prejudice and without costs.

6. Class Members and their successors and assigns are hereby permanently barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum.

7. The Court awards $75,000 as attorneys' fees, costs and expenses to Class Counsel and incentive fee awards in the amount of $3,500 each to Michael L. Jones, Shanise Slamin and Traci Dorrell, all payments to be made by the Defendant.

8. Without affecting the finality of this Judgment, the Court retains jurisdiction of this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this Judgment, the Court retains exclusive jurisdiction of, and the Defendant and each member of the Class are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or Settlement Addendum or the applicability of the Settlement Agreement or Settlement Addendum. Without limiting the generality of the

foregoing, any dispute concerning the Settlement Agreement or Settlement Addendum, including, but not limited to, any suit, action, arbitration or other proceeding by a Class Member in which the provisions of the Settlement Agreement or Settlement Addendum are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order.  Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all persons within the definition of the Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, and improper venue or an inconvenient forum.

9. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

SO ORDERED this 16th day of August, 2012.

 s/ J. Thomas Marten

 J. THOMAS MARTEN, JUDGE